HOLUB *v.* CIVIL SERVICE COMMISSION OF
BALTIMORE CITY, ᴇᴛ ᴀʟ.

[No. 156, September Term, 1963.]

*Decided January 8, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Alan H. Murrell* for appellant.

*Mrs. Blanche G. Wahl, Assistant City Solicitor,* with whom were *Joseph Allen, City Solicitor,* and *George W. Baker, Jr., Deputy City Solicitor,* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

As of August 31, 1959, ostensibly pursuant to Code (1957), Art. 41, Sec. 238 (The Maryland Civil Defense Act), the Governor appointed the appellant to the post of Deputy Director of Civil Defense for the City of Baltimore and issued him a commission. Sec. 238 made no mention of the office of Deputy Director. The only offices therein directed to be filled by the Governor were Directors and Alternate Directors.

On September 18, 1959, the Director of the Civil Defense Organization of Baltimore requested the Board of Estimates to fill a vacancy in the position of Deputy Director and suggested the appellant, Holub. The Board appointed Holub on September 23 and he entered upon his duties.

In 1960 the Federal Congress enacted legislation which provided for contributions of money to State and local civil defense organizations on conditions, including the requirements of uniformity of plans and procedures and the placing of all employees, other than Directors, in an approved merit system.

The City Solicitor of Baltimore, on January 31, 1961, ruled, contrary to a prior opinion, that employees of the Civil Defense Organization of Baltimore were City employees and properly subject to merit system classification by the Civil Service Commission of the City. He held further that the position of Alternate Director, provided for by Sec. 238 of Art. 41 of the Code,

was not subject to classification and, since Holub was in fact the Alternate Director appointed by the Governor he could not be put in the merit system.

In an opinion given on March 6, 1961, the Attorney General of Maryland agreed with the City Solicitor that the Alternate Director was not subject to classification in the merit system of Baltimore but added that the position of Deputy Director and the office of Alternate Director are different and that the same person could hold both the paid position of Deputy (being within the merit system as to that position), and the unpaid office of Alternate Director (which would not be subject to civil service classification).

The Governor thereupon, on March 10, 1961, reissued a commission to Holub naming him Alternate Director, effective as of August 31, 1959, the date of his original ineffective appointment.

The Civil Service Commission of Baltimore then established job descriptions, titles, classification and salary schedules for Civil Defense employees of the City which met the Federal standards, and prepared examinations for each of the positions classified. In furtherance of the aim of uniformity, the name of the position of Deputy Director was changed to Assistant Director.

Appellant took the civil service examination for Assistant Director. As an incumbent he was not required to compete with other applicants for the position or to have the minimum qualifications required of others. If he made a passing mark he automatically retained the position. Holub failed the examination and then, for the first time, contended he was not a City employee, was not subject to civil service classification, and that the examination was unfair and illegal, and brought suit to establish his points. On March 28, 1963, Judge Cullen dismissed Holub's petition for mandamus and this appeal followed.

Holub's contention in this Court essentially is that he was legally the Alternate Director and the attempts by Baltimore officials to name him and classify him as Deputy Director or Assistant Director were nugatory and void and therefore he is

entitled to continue in the paid employ of the Civil Defense Organization of Baltimore.[1]

The Legislature, by Ch. 125 of the Laws of 1962, effective June 1, 1962, amended Sec. 238 of Art. 41 of the Code to, among other things, do away with the post of Alternate Director and to provide that all the employees and officers of the Civil Defense Organization of Baltimore City, except the Director, shall be included in and subject to the merit system of the City.

In *Deyesu v. Baltimore City,* 232 Md. 601, in which the appellant Deyesu made the same contentions that Holub makes in this case, we held that the employees of the Civil Defense Organization of Baltimore were employees of the City, subject to classification in the merit system without regard to Ch. 125 of the Laws of 1962, and that the qualifying examination given to incumbents by the Civil Service Commission before that Act became effective was not unfair or illegal. Recognizing that generally an appellate court will apply the law as it exists when the appeal is decided although it has been changed since the case was heard below, we said the case was not moot by reason of the passage of Ch. 125 of the Laws of 1962 because the examination complained of had been given under the law as it stood before the 1962 amendment, and if the Commission was without authority to give it the appellant would have been still employed although he failed it.

The *Deyesu* case is fully controlling here and requires rejection of Holub's contentions. After June 1, 1962, Holub had no standing or status in the Civil Defense Organization of Baltimore except that of Deputy Director, appointed by the City officials. As such he was within the merit system and, if he de-

---

1. We were told at the argument that Baltimore City has done away with the Civil Defense Organization as a separate entity and that beginning January 1, 1964, its functions would be performed by the Fire Department of the City. This might make the case moot except for the fact that some of the employees of Civil Defense will be transferred, to the extent that reduced funds are available, to the Fire Department, according to the Assistant City Solicitor who argued the appeal, and Holub, if his contentions were sound, might well be so transferred.

sired to retain his position, he properly was called upon to take and pass a qualifying examination (already decided to have been fair and legal). He failed to pass. The action of Judge Cullen in dismissing the petition for mandamus was correct.

*Order affirmed, with costs.*